UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ernest Wright, | ) C/A No.: 9:11-2839-RBH-BM |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Officer Harley; Inmate, Michael Hartwell; Nurse Weber; | )    For Partial Dismissal |
| Orangeburg County Jail Director, Willie Bamberg, | ) |
| Defendants. | ) |

Plaintiff is a pre-trial detainee at the Orangeburg County Jail, proceeding *pro se*. He files this matter pursuant to 42 U.S.C. § 1983 alleging he was "assaulted and beaten seriously by another inmate."

According to the Complaint, Defendant (inmate) Hartwell attacked Plaintiff and Defendant Harley, an Officer on duty at the time of the attack, did nothing to intercede until Plaintiff was already injured. According to the Complaint, Plaintiff was taken to a local hospital because he had "a big chunk out of [his] nose," and suffered an open cut above his eye which required stitches. Defendant Hartwell was taken to lock-up for fourteen (14) days. However, Plaintiff alleges that Hartwell was released to the same pod as the Plaintiff after that time. Plaintiff claims he was "fearful of leaving [his] room or coming out on reckreation (sic)" for two months, and complains that the cells do not have "call boxes." He also alleges that Defendant Weber refused to give him his

1



prescribed medication, and that he was not provided with follow-up treatment. He asks the Court to investigate the lack of safety devices and the lack of medical treatment at the jail. He also seeks damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173 (1980); *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079 (1972); *Fine v. City of N. Y.*, 529 F.2d 70 (2nd Cir. 1975). However, even when considered under this less stringent standard, it is readily apparent that Hartwell is entitled to dismissal as a party Defendant. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred:' " *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting

2



*Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). However, to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). A fellow inmate or detainee such as Hartwell, does not act under color of state law, no matter how wrongful his action, because an inmate is a private individual, not a state actor, and his conduct is not fairly attributable to the State. *Cf. American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)(As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that "most rights secured by the Constitution are protected only against infringement by governments...") *citing Flagg Brothers*, 436 U.S. 149, 156, 98 S.Ct. 1729, 1733 (1978).

Therefore, Plaintiff has failed to state a cognizable claim under § 1983 against the Defendant Hartwell because Hartwell did not act under color of state law.

### RECOMMENDATION

Accordingly, it is recommended that the Court dismiss Michael Hartwell as a party Defendant from this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are



subject to summary dismissal). An Order authorizing service of process upon the remaining Defendants has been entered contemporaneously with this Report and Recommendation.

Bristow Marchant
United States Magistrate Judge

December 2, 2011
Charleston, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

